# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ALONZO JOHNSON,                   Case No. 1:20-cv-248
       Plaintiff,

                                         Black, J.

       vs.                           Bowman, M.J.

UNITED STATES CONGRESS,        **REPORT AND**
       Defendant.                  **RECOMMENDATION**

Plaintiff filed a motion for leave to proceed *in forma pauperis* in connection with a prisoner civil rights complaint in this Court. (Doc. 1). On April 6, 2020, the undersigned issued a Report and Recommendation, finding that plaintiff is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because at least three prior complaints filed by him while he has been a prisoner were dismissed with prejudice for failure to state a claim upon which relief may be granted. (*See* Doc. 2). It was recommended that plaintiff be ordered to pay the full filing fee required to commence this action within thirty (30) days. (*Id.*). By Order issued on May 8, 2020, the Court adopted the Report and Recommendation. (Doc. 3).

Plaintiff has now filed a motion for reconsideration. (Doc. 5).

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dep't. of Rehab. and Corr.,* 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)).

In this case, there is no intervening change of controlling law, nor has plaintiff submitted new evidence or intervening authority. As noted in the April 6, 2020 Report and

Recommendation, plaintiff has had three or more cases dismissed with prejudice for failure to state a claim upon which relief may be granted. *See Johnson v. United States*, Case No. 1:11-cv-208 (Beckwith, J.; Wehrman, M.J) (S.D. Ohio May 18, 2011) (Doc. 5, 7, 8); *Johnson v. State of Ohio*, Case No. 2:09-cv-794 (Economus, J.; King, M.J.) (S.D. Ohio Sept. 22, 2010) (Doc. 10, 11); *Johnson v. State of Ohio*, Case No. 1:07-cv-112 (Beckwith, J.; Black, M.J.) (S.D. Ohio Mar. 26, 2007) (Doc. 8, 9); *Johnson v. State of Ohio*, Case No. 1:05-cv-695 (Dlott, J.; Hogan, M.J.) (S.D. Ohio Nov. 21, 2005) (Doc. 6).   Furthermore, because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's motion for reconsideration (Doc. 5) be **DENIED.**

2.  Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ALONZO JOHNSON,       Case No. 1:20-cv-248
   Plaintiff,

            Black, J.

   vs.          Bowman, M.J.

UNITED STATES CONGRESS,
   Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3